Filed 6/28/23  P. v. Horno CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>LUISALBERTO DEL HORNO,<br><br>    Defendant and Appellant. | C097855<br><br>(Super. Ct. No. 02F02916) |

In 2003, a jury found defendant Luisalberto Del Horno guilty of second degree murder (Pen. Code, §§ 187, 189, subd. (b))[1] and vehicular manslaughter (§ 192, subd. (c)(1)).  Defendant also pleaded no contest to fleeing the scene of an accident (Veh. Code, § 20001, subd. (a)) and driving without a license (Veh. Code, § 12500, subd. (a)).  The trial court sentenced defendant to 15 years to life in prison for murder and stayed the

---

[1]    Undesignated statutory references are to the Penal Code.

1

sentences imposed for the other offenses. This court affirmed defendant's conviction and remanded for the trial court to resentence defendant on count three. (*People v. Delhorno* (Aug. 25, 2005, C046032) [nonpub. opn.].) The trial court then sentenced defendant to a concurrent four-year term in prison for fleeing the scene of an accident (count three).

In 2019, defendant filed a petition for resentencing pursuant to former section 1170.95, now section 1172.6.[2] The trial court denied that petition, and this court affirmed the denial. (*People v. Del Horno* (Mar. 6, 2020, C089681) [nonpub. opn.].) In July 2022, defendant filed another resentencing petition pursuant to section 1172.6. The trial court appointed counsel and the parties submitted briefing. Based on the jury instructions given at defendant's trial and the information provided by the parties at a hearing, the trial court determined defendant was ineligible for relief under section 1172.6 as a matter of law because the jury had not been instructed on any theory of liability for murder that required imputed malice. The trial court also found defendant had failed to identify any new law or facts justifying his filing a successive petition under section 1172.6. Accordingly, the trial court denied the petition.

Defendant timely appealed. In April 2023, defendant's appellate counsel filed a brief citing *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), raising no issues and asking us to exercise our discretion to review the entire record for arguable issues on appeal.

On April 18, 2023, we notified defendant: (1) counsel had filed a brief indicating no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*,

---

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.)

2

defendant had 30 days in which to file a supplemental brief or letter raising any argument they wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, "the court may dismiss the appeal as abandoned." More than 30 days have elapsed and defendant has not filed a supplemental brief.

We consider defendant's appeal abandoned and order the appeal dismissed. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The appeal is dismissed.


                                              /s/
                                       EARL, J.



We concur:



      /s/
MAURO, Acting P. J.



      /s/
KRAUSE, J.



3